UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO ROCHELLE McMULLAN,

    Petitioner,                              Civil No. 05-70807-DT
                                           HONORABLE JOHN CORBETT O'MEARA
v.                                        UNITED STATES DISTRICT JUDGE

KURT JONES,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

    Angelo Rochelle McMullan, ("Petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for second-degree murder, M.C.L.A. 750.317; felon in possession of a firearm, M.C.L.A. 750.224f; possession of a firearm in the commission of a felony, M.C.L.A. 750.227b; and being a fourth felony habitual offender, M.C.L.A. 769.12.

    Petitioner has now filed a motion to hold the petition in abeyance to permit him to return to the state courts to seek an order reinstating his appeal of right, based upon the ineffective assistance of appellate counsel. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his claims, failing which the petition shall be dismissed without prejudice. The Court will also

1

administratively close the case.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Genesee County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. McMullan,* 251977 (Mich.Ct.App. March 1, 2004); *reconsideration den.* 251977 (Mich.Ct.App. April 2, 2004); *lv. den.* 471 Mich. 920; 688 N.W. 2d 829 (2004).

On February 28, 2005, petitioner filed a petition for writ of habeas corpus, in which he seeks habeas relief on the following grounds:

> I. Appellate counsel's failure to file a timely claim of appeal and his subsequent failure to file a delayed leave to appeal within the 12 month rule violated petitioner's right to a first appeal and to the effective assistance of appellate counsel.
>
> II. Petitioner was unfairly and unconstitutionally deprived of his right to a first appeal [and] to the appellate processes, due to the court stenographer's unauthorized delays in furnishing him with accurate and complete copies of his trial transcripts, and that critical portions of the *voir dire* testimony is clearly unintelligible and unreadable making it impossible for petitioner to raise the objectionable issue trial counsel preserved during the jury selection process.
>
> III. Petitioner was denied a fair trial because the jury was allowed to consider a statement made while the petitioner was in police custody but without the benefit of *Miranda* warnings.
>
> IV. There was insufficient evidence of first-degree murder and the trial court erred reversibly in allowing the jury to consider first-degree murder because it is probable that the verdict was a compromise verdict.

On October 11, 2005, respondent filed an answer to the petition. Petitioner subsequently filed a traverse to the answer.

Petitioner has now filed a motion to hold the petition in abeyance so that he can return to the state courts to avail himself of a new procedure that permits the state trial court to reinstate his appeal of right upon a showing by a criminal defendant that he was deprived of the effective assistance of counsel on his appeal of right.

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).

A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). In order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance for sixty days and will allow petitioner to return to the state courts to seek post-conviction relief, in which case the Court will hold the present petition in abeyance. This tolling is conditioned upon petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days

of completing the exhaustion of his state court post-conviction remedies. *Id.*

### III.  ORDER

Accordingly, it is **ORDERED** that petitioner may file a post-conviction motion with the state trial court pursuant to M.C.R. 6.428 within **sixty (60) days of receipt of this Court's order.**  If petitioner fails to file a post-conviction motion with the state trial court by that date, the Court will dismiss the present petition without prejudice.

If petitioner files a motion with the state trial court to have his appeal of right reinstated, he shall notify this Court that such motion papers have been filed in state court.  The case shall then be held in abeyance pending the petitioner's exhaustion of the claims.  The petitioner shall re-file a habeas petition within 60 days after the conclusion of the state court post-conviction proceedings.  Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

                                           s/John Corbett O'Meara
                                           John Corbett O'Meara
                                           United States District Judge

Dated:  April 27, 2006