UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO ROCHELLE McMULLAN,

    Petitioner,                             Civil No. 05-70807-DT
                                                  HONORABLE JOHN CORBETT O'MEARA
v.                                          UNITED STATES DISTRICT JUDGE

KURT JONES,

    Respondent,
_____/

## OPINION AND ORDER GRANTING THE
## PETITION FOR WRIT OF HABEAS CORPUS.

Angelo Rochelle McMullan, ("Petitioner"), presently confined at the Newberry Correctional Facility in Newberry, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for second-degree murder, M.C.L.A. 750.317; felon in possession of a firearm, M.C.L.A. 750.224f; possession of a firearm in the commission of a felony, M.C.L.A. 750.227b; and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons stated below, the petition for writ of habeas corpus is CONDITIONALLY GRANTED.

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Genesee County Circuit Court. On February 21, 2002, petitioner was sentenced to 30 to 75 years in prison on the second-degree murder conviction, 5 to 15 years on the felon in possession of a firearm conviction, and received a consecutive 2 year prison term for the felony-

firearm conviction. At the time of sentencing, petitioner was advised by the trial court of his right to appeal. The trial court further informed petitioner that he would be given "a paper" by his attorney. The trial court informed petitioner that if he wanted the services of a free lawyer for appeal, "you need to fill the paperwork out, sign your name to it, and get it back to the Court no later than 42 days from today." (Sent. Tr., pp. 20-21).

Petitioner's defense counsel made the following comments in response:

MR. RUSH: Your Honor, if I may, it's obvious in this situation it's really necessary to make sure his appellate rights are preserved and so on and so forth for someone better than me to review this later on. I need to make it clear that he is making the request at this time for an attorney for appellate reasons to review the file for purposes of a potential appeal. He has signed the form underneath the section dealing with receipt of Notice of Appeal rights and the request of appointment of lawyer and affidavit of indigence (sic). He has signed both of the lines. I have dated it with today's date, if I may tender this back to the Court?

THE COURT: Yes."
(*Id.* at p. 21).

Petitioner, in fact, signed and completed the Notice of Right to Timely Appeal Form, including the portion at the bottom entitled "Request for Appointment of Lawyer and Affidavit of Indigency" on February 21, 2002 and returned it to the trial court that day. The form indicates that it was stamped filed with the Genesee County Circuit Court on February 21, 2002. Neither the trial court judge nor defense counsel alerted petitioner to any errors in his forms.

When petitioner did not receive any contact from appellate counsel, he wrote his trial counsel to inquire about the status of his appeal. On May 21, 2002, petitioner's

2

counsel sent petitioner a letter assuring him that his appellate rights had been preserved. Petitioner also sent a letter to the Genesee County Circuit Court Clerk's office to inquire about the status of his appeal. In response to his inquiry, the Genesee County Circuit Court clerk sent petitioner another form to request the appointment of appellate counsel, which petitioner signed and dated July 24, 2002. The Court signed The Order Regarding Appointment of Appellate Counsel and Transcript on July 31, 2002. However, by the time that appellate counsel had been appointed to represent petitioner, more than forty two days elapsed from sentencing. M.C.R. 7.204(A)(2)(c) states that an appeal by right in a criminal case must be taken within 42 days after entry of the judgment. The Michigan Court Rules do not have any provisions for reviving an appeal of right once it is lost. Instead, a defendant who loses his appeal by right is required to file an application for leave to appeal. M.C.R. 7.205(F)(1). Because appellate counsel was not appointed until over forty two days had elapsed from sentencing, petitioner's only appellate recourse was to file an application for leave to appeal.

Petitioner's appellate counsel ultimately filed a delayed application for leave to appeal. The Michigan Court of Appeals denied the appeal for "lack of merit in the grounds presented."*People v. McMullan,* No. 251977 (Mich.Ct.App. March 1, 2004). Petitioner then moved for reconsideration, which was denied. *People v. McMullan,* No. 251977 (Mich.Ct.App. April 2, 2004)(Cooper, J. would grant the motion for reconsideration). The Michigan Supreme Court subsequently denied leave to appeal. *People v. McMullan,* 471 Mich. 920; 688 N.W. 2d 829 (2004).

3

On February 28, 2005, petitioner filed a petition for writ of habeas corpus, in which he seeks habeas relief on the following grounds:

> I. Appellate counsel's failure to file a timely claim of appeal and his subsequent failure to file a delayed leave to appeal within the 12 month rule violated petitioner's right to a first appeal and to the effective assistance of appellate counsel.
>
> II. Petitioner was unfairly and unconstitutionally deprived of his right to a first appeal [and] to the appellate processes, due to the court stenographer's unauthorized delays in furnishing him with accurate and complete copies of his trial transcripts, and that critical portions of the *voir dire* testimony is clearly unintelligible and unreadable making it impossible for petitioner to raise the objectionable issue trial counsel preserved during the jury selection process.
>
> III. Petitioner was denied a fair trial because the jury was allowed to consider a statement made while the petitioner was in police custody but without the benefit of *Miranda* warnings.
>
> IV. There was insufficient evidence of first-degree murder and the trial court erred reversibly in allowing the jury to consider first-degree murder because it is probable that the verdict was a compromise verdict.

On October 11, 2005, respondent filed an answer to the petition. Petitioner subsequently filed a traverse to the answer.

Petitioner then filed a motion to hold the petition in abeyance so that he could return to the state courts to avail himself of a new procedure which permitted the state trial court to reinstate his appeal of right upon a showing by a criminal defendant that he was deprived of the effective assistance of counsel on his appeal of right. This Court held the petition in abeyance to allow petitioner to return to the state courts to seek an order pursuant to M.C.R. 6.428 to reinstate his appeal of right. The Court also administratively

4

closed the case. *See McMullan v. Jones*, No. 2006 WL 1134364 (E.D. Mich. April 27, 2006).

Petitioner filed a motion for reissuance of judgment pursuant to M.C.R. 6.428 with the Genesee County Circuit Court. Among the arguments advanced by petitioner was the fact that his trial counsel placed on the record at sentencing petitioner's concerns about preserving his appeal rights and that petitioner had signed and dated the Notice of Appeal and Request for Appointment of Lawyer Form along with an attached affidavit of indigency and had returned it to the court on the day of sentencing. The motion noted that the clerk of the court file stamped the Notice of Appeal and Appointment of Lawyer form on February 21, 2002. The trial court denied the motion for reissuance of judgment. Although acknowledging that petitioner signed the receipt and request portions of the Notice of Right to Timely Appeal form, the trial court noted that petitioner did not complete, sign, or have notarized his affidavit of indigency. *People v. McMullan,* No. 01-8582-FC (Genesee County Circuit Court, July 10, 2006).

Petitioner subsequently moved to reopen his petition for writ of habeas corpus and also sought to amend the petition by adding the following claims:

> I. This Court is asked to determine whether Petitioner was entitled to a judicial determination of indigency within 14 days of filing his timely request for appellate counsel and declaration of indigency, and whether Judge Neithercut's failure to decide the indigency issue within 14 days of receiving Petitioner's request for counsel and declaration of indigency denied him prompt appointment of appellate counsel and of the opportunity to correct and alleged deficiencies' in his filings within 42 days of a terminal deadline.
> II. This Court is also asked to decide (under the factual circumstances and

5

legal authorities controlling the issue here), whether such action taken against this Petitioner violates his due process and equal protection rights under the United States Constitution.

III. Finally, this Court is asked to determine whether Mr. McMullan attorneys' were ineffective for failing to address these issues in a timely manner.

The Court granted petitioner's motion to reopen the petition for writ of habeas corpus and to file an amended petition. The Court also ordered respondent to file a supplemental answer. *McMullan v. Jones,* No. 2006 WL 2524206 (E.D.Mich. August 30, 2006). On November 30, 2006, respondent filed a supplemental answer.

## II.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06

(2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

For purposes of judicial clarity, the Court will address the claims for which habeas relief is merited. In the first and second claims in his amended habeas petition, petitioner claims that he was denied his rights under the Due Process and Equal Protection Clauses to a timely appeal of his conviction because of the trial court's failure to timely appoint appellate counsel to represent petitioner before the forty two day period for perfecting an appeal of right with the Michigan Court of Appeals had elapsed.

Although the federal constitution does not require a state to provide appellate courts or a right to appellate review of criminal convictions at all, a state that does grant appellate review cannot do so in a way that discriminates against some convicted defendants on account of their poverty. *See Griffin v. Illinois,* 351 U.S. 12, 18 (1956); *See also Lane v. Brown,* 372 U.S. 477, 483-84 (1963); *Burns v. State of Ohio,* 360 U.S. 252, 257 (1959); *Eskridge v. Washington State Bd. of Prison Terms,* 357 U.S. 214, 215-16 (1958). To "deny adequate review to the poor means that many of them may lose their life, liberty or property because of unjust convictions which appellate courts would set aside." *Griffin,* 351 U.S. at 19; *See also Ross v. Moffitt,* 417 U.S. 600, 616

(1974)(Equal Protection Clause requires that a state afford an indigent defendant "an adequate opportunity to present his claims fairly in the context of the state's appellate process").

In addition, a defendant has an absolute right to be represented by counsel on his first appeal from his conviction. *See Halbert v. Michigan,* 545 U.S. 605, 610 (2005); *Douglas v. California*, 372 U.S. 353, 356 (1963); *See also Penson v. Ohio*, 488 U.S. 75, 83-83 (1988). The Supreme Court has noted that: "[t]he need for forceful advocacy does not come to an abrupt halt as the legal proceeding moves from the trial to the appellate stage. Both stages of the prosecution, although perhaps involving unique legal skills, require careful advocacy to ensure that rights are not forgone and that substantial legal and factual arguments are not inadvertently passed over." *Penson*, 488 U.S. at 85.

Petitioner was deprived of his constitutional right of due process and equal protection under the law, because he was unable to file an appeal of right solely because of his poverty, where the trial court failed to appoint appellate counsel in a timely manner to perfect an appeal on petitioner's behalf. *See Harris v. Rees,* 794 F. 2d 1168, 1176 (6th Cir. 1986). Moreover, the trial court's rationale for failing to appoint appellate counsel in a timely manner to perfect an appeal was unreasonable. First, as petitioner notes, the trial court was well aware of petitioner's financial condition in light of the fact that the court had appointed counsel to represent petitioner at trial due to his indigency. The pre-sentence investigation report also indicated petitioner's financial status. Most importantly, trial counsel strongly indicated to the court at sentencing that petitioner

8

wished to preserve his appellate rights, was indigent, and would be filling out the forms to request the appointment of appellate counsel. Petitioner signed the Notice of Appeal form as well as the Request for Appointment of Lawyer and Affidavit of Indigency on the date of sentencing and returned them to the court. This alone put the trial court on notice that petitioner was indigent. *See Harris,* 794 F. 2d at 1175-76 (habeas petitioner was deprived of his state statutory right to appeal from solely because of his poverty, in violation of his right of equal protection under the law, where defendant made his indigency known to trial court at sentencing hearing and sought leave to appeal *in forma pauperis*, but the court denied the request because defendant's family had raised sufficient money for his trial defense).

In light of the fact that the court had been fully advised at the time of sentencing of petitioner's obvious and sincere attempt to appeal with the assistance of appointed counsel, as well as the fact that the defect in petitioner's appellate rights form had been "minuscule," the trial court's refusal to timely appoint counsel to perfect an appeal and its later refusal to reissue judgment pursuant to M.C.R. 6.428 to reinstate petitioner's appeal of right simply because petitioner failed to have his affidavit of indigency notarized was capricious and arbitrary. *See Gilbert v. Sowders,* 646 F. 2d 1146, 1147 (6th Cir. 1981). The trial court's disregarding of petitioner's timely request for an appeal simply because he failed to comply with all of the requirements as to the form of the affidavit of indigency violated petitioner's equal protection rights. *See Chase v. Page,* 343 F. 2d 167, 171-72 (10th Cir. 1965)*; Miller v. State of Okl.,* 240 F. Supp. 263, 266

9

(E.D. Okla. 1965). Other cases have reached similar conclusions. *See e.g. Bennett v. State of Miss.,* 523 F. 2d 802, 803-04(5th Cir. 1975)(crudely handwritten note, obviously in writing other than that of complaining prisoner, was sufficient to give notice to State that complaining prisoner was indigent, unrepresented, and desired to appeal from conviction). Moreover, the trial court's ambiguous instructions to petitioner about what paperwork that he would have to complete, coupled with the fact that the same court had previously found that petitioner was indigent when appointing trial counsel for him, amounted to a practical denial of petitioner's right to appeal and a denial of due process. *See Lloyd v. Warden, Md. Penitentiary,* 229 F. Supp. 364, 371 (D. Md. 1964). As petitioner noted, had the trial court been concerned about the defects in petitioner's initial request for the appointment of appellate counsel, he could have brought it to the attention of petitioner and his trial counsel at the time of sentencing.

"[I]t thus appears that by improper inaction on the part of the state trial court, after notice of a claim of indigency and desire for an appeal with record and counsel the petitioner here was deprived of his constitutional right of appeal and his rights of equal protection and due process," in that the state trial court did not, upon receiving petitioner's claim of indigency and a request for a the appointment of counsel, "see to and protect the constitutional rights of the petitioner to an appeal and to equal protection and due process." *Miller,* 240 F. Supp. at 267.

Petitioner was therefore deprived of an entire proceeding: his appeal of right. Although his attorney did file an application for leave to appeal, as this Court has

previously noted, an appeal by leave is not an adequate substitute for an appeal of right. *See Cooper v. Luoma,* No. 2006 WL 3454793, * 4 (E.D. Mich. November 29, 2006). Petitioner received a summary denial of his application for leave to appeal, something that could not have occurred in an appeal of right. *Benoit v. Bock*, 237 F. Supp. 2d 804, 811 (E.D.Mich. 2003)(Lawson, J.); *but see Walker v. McKee*, 366 F. Supp. 2d 544, 549 (E.D.Mich.2005) (Gadola, J.) (concluding, in the context of an ineffective assistance of appellate counsel claim that "Michigan's unique appellate procedures were sufficient to provide a proceeding that was not 'presumptively unreliable or entirely nonexistent,' as is required to create a presumption of prejudice"). The Court will therefore grant habeas relief to petitioner on the first and second claims contained in his amended petition.

With respect to petitioner's other claims, by granting petitioner a new appeal, this Court has essentially "unexhausted" the remainder of petitioner's claims. *See Walker v. McCaughtry,* 72 F. Supp. 2d 1025, 1037 (E.D. Wis. 1999); *See also Keyes v. Renico*, No. 2005 WL 2173212, *4 (E.D. Mich. September 2, 2005)(Tarnow, J.). The Court declines "to collaterally estop" petitioner from raising these issues, or any additional claims, on his reinstated appeal and prefers to allow the recommencement of petitioner's direct appeal in the Michigan appellate courts "[t]o completely wipe clean the slate" and to allow these state courts, rather than this Court, the initial opportunity to decide these issues. *Id.*

### IV.  ORDER

Therefore, the application for a writ of habeas corpus is **GRANTED**

11

conditionally. The State shall reinstate petitioner's appeal of right in the Michigan Court of Appeals within **sixty (60) days** of this Court's order and appoint counsel to assist Petitioner if he is unable to retain counsel. *Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 830 (E.D. Mich. 2004) (Tarnow, J.); *Benoit*, 237 F. Supp. 2d at 812.

s/John Corbett O'Meara
United States District Judge

Date: October 11, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 11, 2007, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager